## JOE CLEVELAND McKINLEY v. STATE

No. 35,060.   November 21, 1962.

*McCarthy, Carnahan, Fields & Haynes,* Amarillo, for appellant.

*Naomi Harney,* County Attorney, Amarillo, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is the sale of whiskey in a wet area without a permit; the punishment, a fine of $100.00.

The sole question presented for review is the alleged failure of the State to prove the unnecessary allegation in the information that the sale was made "on the premises of 5th and Fillmore Street, City of Amarillo". Undercover agent Tolliver of the Liquor Control Board testified that he accosted appellant, a cab driver, in front of the Crossroads cafe at Fifth and Fillmore at 2:30 A.M. on the night in question and asked him for some whiskey, that appellant instructed him to wait and soon returned, that he got in the cab and appellant asked him for the money, that as the cab was moving he asked appellant where the whiskey was and was instructed to look on the floorboard, that he paid appellant "between Fifth and Fillmore and Fifth and Pierce" (one block away), where he alighted from the cab.

Appellant, testifying in his own behalf, admitted the sale, stated that he made the same as an accommodation and reaped no profit therefrom. He also testified that when he returned to the Crossroads cafe with the whiskey he parked and Tolliver got in the cab, asked for the whiskey, and he told him that it was on the floorboard and Tolliver laid the $10.00 on the seat. In Padget v. State, 141 Texas Cr. Rep. 89, 147 S.W. 2d 488, relied upon by appellant, the complaint alleged the sale to have been made at Lot 18, B. 24, City of Perryton, while the proof showed the same to have been made at 406 South East First Street in Perryton. The court in Padget certified in the bill of exception that proof did not correspond to the allegations. From the facts set forth above, we have concluded that Padget is not here controlling and that the evidence is sufficient to support the allegation that the sale occurred at the point alleged.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment of the trial court is affirmed.